S.I.R.P.R.

FILED - GR
January 9, 2023 9:28 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: /

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RYAN MILLIRON | § | |
| | § | |
| Plaintiff, | § | |
| | § | 1:23-cv-30 |
| vs. | § | |
| | § | Civil Action No. Jane M. Beckering |
| | § | U.S. District Judge |
| U.S. DEPARTMENT OF DEFENSE, | § | |
| CENTRAL INTELLIGENCE | § | |
| AGENCY, | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, | § | |
| OFFICE OF THE DIRECTOR OF | § | |
| NATIONAL INTELLIGENCE | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Ryan Milliron, brings this action against the United States Department of Defense ("DOD"), the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), and the Office of the Director of National Intelligence ("ODNI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and alleges as follows:

### PARTIES

1. Plaintiff is a resident of Ottawa County, Michigan.

2. Defendants are federal agencies subject to the Freedom of Information Act.

3. Defendant DOD is headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Plaintiff's FOIA request was directed to Defense Advanced Research Projects Agency ("DARPA"), as well as the Strategic Capabilities Office (SCO), each a component or sub-agency of DOD.

4. Defendant CIA is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) that possesses the records Plaintiff seeks. The CIA is headquartered at 1000 Colonial Farm Rd, Mclean, VA 22101.

5. Defendant FBI is a component of the U.S. Department of Justice, which is an agency of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1). The FBI is headquartered at 935 Pennsylvania Ave. NW, Washington, D.C. 20535-0001.

6. Defendant Office of the Director of National Intelligence is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) that possesses the records Plaintiff seeks. Its mailing address is Office of the Director of National Intelligence, Office of Strategic Communications, Washington, DC 20511.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district because Plaintiff is a resident of, and domiciled in, Ottawa County, Michigan.

## FACTUAL BACKGROUND

8. Plaintiff has submitted to the Defendants a number of FOIA requests concerning matters related to the Trump/Russia investigation, a government ordered spying campaign inside the Department of Defense, and these agencies' contacts with individuals who helped assert purported collusion between Trump and Russia relating to the 2016 election. Each Defendant has failed to produce the requested records. Defendants FBI and ODNI have also unlawfully withheld records and improperly asserted FOIA exemptions. Defendants' actions left Plaintiff no choice but to file this lawsuit.

### A. DOD FOIA Request 23-FRO-0207

9. On December 7, 2022, Plaintiff made the following FOIA request to the DOD: "I request any reports, contracts, or memorandums on the 'Big Data Platform' held at DARPA or SCO," which the Plaintiff understands to be a data harvesting and mining program of questionable legality. The data range for the requested records was from January 1, 2015, through December 31, 2020. *See* Exhibit 1.

10. On December 7, 2022, DOD acknowledged receipt of the request, assigned reference number 23-FRO-0207 to the matter, and extended the time limit past the 20-day statutory time period, "as there are unusual circumstances." See 5 U.S.C §552(a)(6)(B)(i)-(iii). The only "unusual circumstance" identified by the DOD was that the requested records of

DOD's sub-agency are not held within DOD's offices, which are geographically separate from the sub-agency's offices. The DOD's letter stated, "As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination." See Exhibit 2.

11. Apparently, the "unusual circumstances which impact [DOD's] ability to quickly process your request," referenced in DOD's response, represented an attempt to claim an extension beyond the 20-working-days' time limit for making a determination under 5 U.S.C. §552(a)(6)(A)(i). But the DOD's response (Exhibit 2) failed to comply with the provisions of 5 U.S.C §552(a)(6)(B)(i)-(iii), in that it failed to specify a date that would result in an extension of no more than 10-working days.

12. On December 20, 2022, DOD requested clarification of the program name that was the subject of the request. Plaintiff responded the same day. See Exhibit 3.

13. As of January 9, 2023, no records have been provided by the DOD related to this request.

### B. DOD FOIA Request 22-F-0854

14. On April 22, 2022, Plaintiff made the following FOIA request to the DOD: "I request any memorandums of understanding, contracts, emails, or agreements in DARPA's possession concerning the use of DARPA's resources in the aid of criminal investigations by the FBI or prosecutions by the Department of Justice." The data range for the requested records was from January 1, 2015, through April 22, 2022. See Exhibit 4.

15. On April 25, 2022, DOD acknowledged receipt of the request, assigned reference number 22-F-0854 to the matter, and extended the time limit past the 20-day statutory time period, "as there are unusual circumstances." See 5 U.S.C §552(a)(6)(B)(i)-(iii). The letter noted that, "The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records." DOD offered only a vague explanation that "At least one, if not more of these scenarios applies or would likely apply to your request." The DOD's letter stated, "As we do not hold the records, until the required record searches are complete, we are unable to estimate the

potential volume of records or the number of consultations that will be required to make a release determination." *See* Exhibit 5.

16. As of January 9, 2023, no records have been provided by the DOD related to this request.

### C. DOD FOIA Request 23-F-0055

17. On October 17, 2022, Plaintiff submitted the following FOIA request to the DOD: "I request all emails in the account of Angelos Keromytis (DARPA) sent to or from emails ending with @usdoj.gov or @fbi.gov suffixes." The data range for the requested records was from February 1, 2016, through December 31, 2018. *See* Exhibit 6.

18. On October 24, 2022, DOD acknowledged receipt of the request, assigned reference number 23-F-0055 to the matter, and extended the time limit past the 20-day statutory time period, "as there are unusual circumstances." *See* 5 U.S.C §552(a)(6)(B)(i)-(iii). The letter noted that, "The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records." DOD offered only a vague explanation that "At least one, if not more of these scenarios applies or would likely apply to your request." The DOD's letter stated, "As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination." *See* Exhibit 7.

19. As of January 9, 2023, no records have been provided by the DOD related to this request.

### D. FBI FOIA Request 1558747-000

20. On August 28, 2022, Plaintiff submitted the following FOIA request to the FBI: "I request any reports, emails, memorandums, or letters in the FBI's possession relating to the hack of the DNC or Guccifer 2.0 that were provided by David Dagon or Manos Antonakakis." *See* Exhibit 8.

21. On September 6, 2022, FBI acknowledged receipt of the request, and assigned reference number 1558747-000 to the matter. *See* Exhibit 9.

22. As of January 9, 2023, no records have been provided by the FBI related to this request.

### E. FBI FOIA Request 1561520-000

23. On September 17, 2022, Plaintiff submitted the following FOIA request to the FBI: "I request any referrals, 302's, 1023's, or other reports documenting information obtained from Igor Danchenko as a confidential human source for the FBI. I also request any documentation over payments made to Igor Danchenko as a CHS." *See* Exhibit 10.

24. On September 17, 2022, FBI acknowledged receipt of the request and assigned reference number 1561520-000. *See* Exhibit 11.

25. As of January 9, 2023, no records have been provided by the FBI related to this request.

### F. FBI FOIA Request 1548976-000

26. On June 5, 2022, Plaintiff submitted the following FOIA request to the FBI: "I request any emails between any of the following FBI agents:

Ryan Gaynor

Scott Hellman

Curtis Heide

Andrew McCabe

Peter Strzok

Joseph Pientka

that relate to the hack of the DNC, David Dagon, Rodney Joffe, an allegation concerning Alfa bank and Trump, or Crowdstrike." The data range for the requested records was from April 1, 2016, through April 1, 2019. *See* Exhibit 12.

27. On June 13, 2022, FBI acknowledged receipt of the request, and assigned reference number 1548976-000 to the matter. *See* Exhibit 13.

28. As of January 9, 2023, no records have been provided by the FBI related to this request.

### G. ODNI FOIA Request DF-2022-00400

29. On August 31, 2022, Plaintiff submitted the following FOIA request to the ODNI: "I request any files in DNI's possession relating to attribution work done on the hack of the Democratic National Committee by the Russians in 2016 that originated with or was influenced by, Rodney Joffe, David Dagon, Manos Antonakakis, Angelos Keromytis, or Tejas Patel." *See* Exhibit 14.

30. On September 8, 2022, ODNI provided a final response, and indicated they could neither confirm nor deny the existence of responsive records citing Section 3.6(a) of Executive Order 13526 and citing exemptions b(1) and b(3). *See* Exhibit 15.

31. On October 4, 2022, Plaintiff submitted a timely appeal noting that the involvement of Manos Antonakakis and David Dagon in the attribution for the hacks is already public knowledge and therefore cannot be classified information. Clearly, having two individuals associated with fraudulent allegations of a secret communications channel between Donald Trump and Vladimir Putin during the 2016 election also being associated with the investigation into the hack of the DNC is embarrassing to the US Intelligence Community, but this fact is not sufficient grounds to withhold documents. In fact, this is specifically forbidden by Section 1.7 of Executive Order 13526. The other three individuals noted are closely associated with Mr. Dagon and Mr. Antonakakis and are believed to have contributed their work. *See* Exhibit 16.

32. On December 9, 2022, Plaintiff requested a status update. As of January 9, 2023, no response to his inquiry had been received. *See* Exhibit 17.

### H. ODNI FOIA Request DF-2022-00401

33. On August 31, 2022, Plaintiff submitted the following FOIA request to the ODNI: "I request any reports, emails, assessments or notes used to support the October 7, 2016 attribution statement noted here:
https://www.dhs.gov/news/2016/10/07/joint-statement-department-homeland-security-and-office-director-national." *See* Exhibit 18.

34. On September 27, 2022, ODNI acknowledged receipt of the request, assigned reference number DF-2022-00401 to the matter, and extended the time limit past the 10-day statutory time period, "as there are unusual circumstances" See 5 U.S.C §552(a)(6)(B)(i)-(iii). No specific "unusual circumstance" was identified. *See* Exhibit 19.

35. As of January 9, 2023, no records have been provided by the ODNI related to this request.

### I. CIA FOIA Request F-2022-01813

36. On August 28, 2022, Plaintiff submitted the following FOIA request to the CIA: "Any emails in the accounts of Avril Haines or John Brennan sent to or from Rodney Joffe, Manos Antonakakis, Angelos Keromytis, David Dagon, Tejas Patel." The data range for the requested records was from October 1, 2015 through January 20, 2017.

37. On September 7, 2022, the CIA acknowledged receipt of the request, and assigned reference number F-2022-01813. *See* Exhibit 20.

38. The letter did not contain a "determination" as required by law. Under 5 U.S.C. §552(a)(6)(A)(i), "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.). To date the CIA has performed none of these requirements.

39. Upon information and belief, the CIA's use of boilerplate language in its canned responses that avoid and evade the law's requirement that a "determination" be made and communicated to the requester and to put off indefinitely any substantive response, represents and is the product of a "policy or practice" to "impair the party's lawful access to information in the future." *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770, 777 (D.C. Cir. 2018), quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988).

40. As of January 9, 2023, no records have been provided by the CIA related to this request.

## COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552

41. Plaintiff incorporates paragraphs 1-40 as though fully incorporated herein.

42. Defendants are agencies subject to the production requirements of FOIA.

43. Defendants have violated FOIA by failing to produce the records requested by Plaintiff.

44. The ODNI has purposefully withheld responsive records without alleging a proper exemption. The ODNI has further violated FOIA by failing to make a complete determination to Plaintiff's appeal of FOIA number DF-2022-00400.

45. Plaintiff is irreparably harmed by Defendants FOIA violations, and Plaintiff's harm will continue unless this Court orders Defendants to comply with FOIA.

## REQUEST FOR RELIEF

46. Plaintiff respectfully prays that this Court:

   A. Order Defendants to search for any and all records response to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

   B. Order Defendants to produce all records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption;

   C. Enjoin Defendants from withholding non-exempt records that are responsive to Plaintiff's FOIA requests;

   D. Grant Plaintiff an award of costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

   E. Grant Plaintiff such other relief as the Court deems just and proper.

Ryan Milliken
14579 Tupelo Dr
West Olive MI 49460