# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **RYAN MILLIRON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 1:23-cv-30 |
| | § | |
| | § | Hon. Sally J. Berens |
| **U.S. DEPARTMENT OF DEFENSE,** | § | **U.S. Magistrate Judge** |
| **CENTRAL INTELLIGENCE** | § | |
| **AGENCY,** | § | |
| **FEDERAL BUREAU OF** | § | |
| **INVESTIGATION,** | § | |
| **OFFICE OF THE DIRECTOR OF** | § | |
| **NATIONAL INTELLIGENCE** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FILED - GR**
February 25, 2025 8:38 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW/2.25

## PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Ryan Milliron, appearing Pro Se, respectfully moves this Court to compel Defendants Federal Bureau of Investigation ("FBI") and the Office of the Director of National Intelligence ("ODNI") to produce all responsive documents identified in Plaintiff's Freedom of Information Act (FOIA) requests, filed on June 5, 2022 and August 31, 2022 respectively, and the subject of this litigation commenced on January 9, 2023. For over two years, Defendants have failed to produce responsive documents, claiming delay due to "consultation with third parties," a justification that lacks merit and violates the Freedom of Information Act's mandate for timely disclosure. Plaintiff requests an order directing production within 30 days and any further relief the Court deems just. Plaintiff has consulted with counsel for the government and Defendants oppose Plaintiff's motion.

## BACKGROUND

1. On June 5, 2022, Plaintiff submitted a FOIA request to Defendant FBI seeking any emails between FBI agents: Ryan Gaynor, Scott Hellman, Curtis Heide, Andrew

McCabe, Peter Strzok, or Joseph Pientka, that relate to the hack of the DNC, David Dagon, Rodney Joffe, an allegation concerning Alfa bank and Trump, or Crowdstrike.
2. Defendant FBI acknowledged the request on June 13, 2022, assigned it request number 1548976-000 and subsequently identified 132 pages of responsive documents but has withheld production of 88 pages, citing ongoing "consultation with third parties."
3. Defendant FBI has declined to identify these third parties, and given the subject of Plaintiff's request, no discernable third parties exist warranting consultation because the request specifies internal documents produced by, and held solely within, FBI's holdings.
4. In conjunction with the joint status report filed January 21, 2025, 37 pages of responsive records were indicated as being ready, or nearly ready, for production. As of February 25, 2025, none of these pages have been produced.
5. On August 31, 2022, Plaintiff submitted a FOIA request to Defendant ODNI seeking any reports, emails, assessments or notes used to support the October 7, 2016 attribution statement.[1]
6. Defendant ODNI acknowledged the request on September 27, 2022, assigned it request number DF-2022-00401, and subsequently identified 5 responsive documents which Defendant has withheld citing ongoing "consultation with third parties."
7. Defendant ODNI has failed to identify these third parties or provide any substantive update as to the processing of Plaintiff's request.
8. On January 9, 2023, Plaintiff filed this action to enforce compliance with the Freedom of Information Act after Defendants failed to produce records within the statutory timeframe of 20 business days (5 U.S.C. § 552(a)(6)(A)(i)), extended to 30 days in unusual circumstances (5 U.S.C. § 552(a)(6)(B)).
9. As of February 25, 2025, over two years have elapsed since the filing of this lawsuit, and Defendants have been unable to complete the processing of Plaintiff's requests, providing only vague updates about third-party consultations.

## LEGAL STANDARD

FOIA requires agencies to respond to requests within 20 business days, with limited exceptions for "unusual circumstances" (5 U.S.C. § 552(a)(6)(B)), provided the agency exercises due diligence. Courts may compel production when agencies engage in unreasonable delay or fail to exercise due diligence, as seen in *EPIC v. DOJ* (D.D.C. 2006)[2] and *Open America, et al. v. the Watergate Special Prosecution Force, et al.*, 547 F.2d 605 (D.C. Cir. 1976).

---

[1] See https://www.dhs.gov/news/2016/10/07/joint-statement-department-homeland-security-and-office-director-national
[2] See EPIC v. Dep't of Justice, No. 06-00096 (D.D.C. June 15, 2006) (ECF No. 10)

## ARGUMENT

Defendants' over two-year delay in producing a small number of documents is unreasonable and violates the Freedom of Information Act. First, the small volume of records for each Defendant—88 pages and five documents—undermines any claim of exceptional burden. Second, "consultation with third parties" does not justify a 25-month delay absent specific evidence of complexity or diligence, which Defendants have not provided. Courts have rejected similar excuses when agencies fail to act promptly. Third, Defendant's inaction frustrates FOIA's purpose of timely transparency, leaving Plaintiff without recourse for over two years.

Plaintiff's patience has been exhausted while Defendant ODNI offers no timeline for resolution, and Defendant FBI's timeline appears malleable and shifting. This Court should compel production and, if exemptions are claimed, require a detailed Vaughn Index justifying any withholdings.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:
1. Order Defendants to produce all outstanding responsive documents within 30 days of this Order;
2. Require Defendants to submit a Vaughn Index for any withheld records within the same timeframe;
3. Grant such other relief as the Court deems appropriate.

## CERTIFICATION

Plaintiff certifies that, on June 20, 2024, July 18, 2024, September 24, 2024, October 22, 2024, November 14, 2024, November 20, 2024, December 11, 2024, January 17, 2025, January 28, 2025, February 4, 2025 and February 21, 2025, attempts were made to confer with Defendant regarding this delay by email, and this motion specifically on January 17, 2025 and January 21, 2025, but no resolution was reached.

Dated: February 25, 2025

Respectfully submitted,

Ryan Milliron
14579 Tupelo Dr.,
West Olive, MI 49460
(231) 286-8875
ryanmilliron1@gmail.com